# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| SHELLY W., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 1:17-cv-00039-DB-PMW <br><br> District Judge Dee Benson <br><br> Chief Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Shelly W.'s ("Plaintiff") appeal of the Acting Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The court has carefully reviewed the written memoranda submitted by the parties and concludes that oral argument is not necessary in this case. After careful review of the administrative record, the parties' briefs, and the relevant law, the court finds no reversible legal error and concludes that the Commissioner's decision is supported by substantial evidence. The court therefore recommends that the decision be affirmed.

---

[1] *See* docket no. 20.

## BACKGROUND

In November 2012, Plaintiff filed an application for DIB under Title II of the Act. Plaintiff alleged a disability onset date of June 2012.[2] She was thirty-five (35) years old when she alleges she became disabled due to back pain, nerve damage, bipolar disorder, depression, attention deficit-hyperactivity disorder ("ADHD"), arthritis, and a dislocated left hip.[3] Plaintiff has a GED, and past relevant work experience as a mail clerk, tax clerk, and secretary.[4] After Plaintiff's claim was initially denied, she requested a hearing before an Administrative Law Judge ("ALJ").[5] Following a hearing on July 22, 2015, the ALJ found Plaintiff was not disabled in a decision dated October 20, 2015.[6] The Appeals Council denied Plaintiff's request for a review of the ALJ's decision,[7] making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. This appeal followed.

## STANDARD OF REVIEW

The court "'review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). The

---

[2] *See* docket no. 22, Administrative Record ("Tr.") at 179-81.

[3] *See* Tr. at 201.

[4] *See* Tr. at 42, 65-66.

[5] *See* Tr. at 126-27.

[6] *See* Tr. at 18-33.

[7] *See* Tr. at 1-6.

Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). In reviewing the ALJ's decision, the court cannot "reweigh the evidence" or "substitute" its judgment for that of the ALJ. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted). "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(iv); *see also Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4). The five-step sequential disability determination is as follows:

> 1. If the claimant is performing substantial gainful work she is not disabled.
>
> 2. If the claimant is not performing substantial gainful work, her impairment(s) must be severe before she can be found to be disabled.
>
> 3. If claimant is not performing substantial gainful work and has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in [20 C.F.R. § 404, Part P, Appendix 1], the claimant is presumed disabled without further inquiry.
>
> 4. If the claimant's impairment(s) does not prevent her from doing her past relevant work, she is not disabled.

> 5. Even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity [("RFC")] and vocational factors, she is not disabled.

*Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51.

The claimant bears the burden of proof beginning with step one and ending with step four. *See Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993); *Williams*, 844 F.2d at 750–51. At step five, the burden of proof shifts to the Commissioner to establish "whether the claimant has the [RFC] . . . to perform other work in the national economy in view of his [or her] age, education, and work experience." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), she is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id.*, she is disabled and entitled to benefits.

## DISCUSSION

Plaintiff's opening brief alleges three flaws in the ALJ's decision which Plaintiff argues warrant reversal. First, Plaintiff alleges that the ALJ failed to properly weigh the medical opinion evidence.[8] Second, Plaintiff alleges that the ALJ failed to properly weigh Plaintiff's credibility.[9]

---

[8] *See* docket no. 26 at 19.

[9] *See id.* at 27.

Finally, Plaintiff alleges that the Appeals Council failed to properly consider new evidence.[10] The court will address each of these arguments in turn.

### I. The ALJ's Evaluation of the Medical Opinion Evidence.

Plaintiff alleges that the ALJ improperly weighed the medical opinion evidence. Plaintiff argues that the ALJ should have assigned greater weight to the opinions of Plaintiff's treating physician, Roark Neville, M.D. ("Dr. Neville"),[11] and treating psychiatrist Dennis Smith, M.D. ("Dr. Smith").[12] Plaintiff also argues that the ALJ erred by assigning more weight to the opinions of non-examining sources than to those of Drs. Smith and Neville.[13] The court agrees with the Commissioner that Plaintiff's arguments are an invitation to reweigh the evidence, which this court cannot do. *See Madrid*, 447 F.3d at 790. For the following reasons, the court finds that the ALJ applied the correct legal standard in weighing the medical opinion evidence and committed no reversible error.

#### a. *Treating Source Opinions*

"The opinion of a treating physician is properly denied controlling weight 'if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.'" *Simmons v. Colvin*, 635 F. App'x 512, 515 (10th Cir. 2015) (unpublished) (quoting *Watkins v. Barnhart,* 350 F.3d 1297,

---

[10] *See id.* at 31.

[11] *See id.* at 19-23.

[12] *See id.* at 23-26.

[13] *See id.* at 23-27.

5

1300 (10th Cir. 2003)). "And the opinion may be rejected outright if the ALJ gives specific, legitimate reasons for doing so, relating to such matters as the degree to which the physician's opinion is supported by relevant evidence, the consistency between the opinion and the record as a whole, and any other factors . . . which tend to support or contradict the opinion." *Id.* (internal quotations and citation omitted). In addition, the regulations provide that certain issues, including "[o]pinions that [the claimant] [is] disabled" or "unable to work," are "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(1)-(3); *See also* Social Security Ruling ("SSR") 96-5p ("treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance").

    Here, the ALJ reasonably gave "little weight to the statement of [Dr. Neville] . . . that the claimant is 'unable to work.'"[14] As properly noted by the ALJ, "[t]his legal conclusion has been specifically reserved to the Commissioner in accordance with [SSR] 96-5p."[15]

    In addition, the ALJ gave no weight Dr. Neville's opinion set forth in a medical questionnaire.[16] In the questionnaire, Dr. Neville opined that Plaintiff could sit, stand, and walk for less than one hour; was incapable of tolerating even low work stress; and would miss more than three days of work per month.[17] The ALJ explained that he gave this opinion "no weight" because "[a]lthough [Dr. Neville] has a treating relationship with the claimant, the extreme

---

[14] Tr. at 30.

[15] Tr. at 30.

[16] *See* Tr. at 930-39.

[17] *See* Tr. at 932-36.

limitations opined by [Dr. Neville] appear to be based more on the claimant's subjective complaints and are not supported by treatment notes, clinical signs, or laboratory tests."[18]

The ALJ based his rejection of Dr. Neville's opinion on legitimate factors, such as supportability and consistency with the record, including Dr. Neville's own treatment notes. While the ALJ's explanation was brief, the court finds that the ALJ gave specific, legitimate reasons for rejecting Dr. Neville's opinion and therefore satisfied the substantial evidence standard. *See Fleming v. Berryhill*, No. 116CV00139RJSDBP, 2017 WL 9751318, at *4 (D. Utah Sept. 5, 2017), *report and recommendation adopted*, No. 116CV00139RJSDBP, 2018 WL 1470575 (D. Utah Mar. 26, 2018) (finding that "the ALJ's evaluation of [treating phsyician's] opinion, while cursory, is sufficient to satisfy the substantial evidence standard"). Moreover, although the ALJ did not expressly cite to the inconsistent treatment notes, clinical signs, and laboratory tests in this paragraph of the decision, the ALJ extensively discussed the medical evidence relating to each of Plaintiff's impairments and limitations immediately prior to weighing the medical opinions.[19] Therefore, the court finds that the ALJ's reasoning is clear when reviewing the decision as a whole. *See Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009) (stating that the court should not reverse for error that, "based on a reading of the ALJ's decision as a whole, would lead to unwarranted remands needlessly prolonging administrative proceedings") (quotation and citation omitted)).

---

[18] Tr. at 30-31.

[19] *See* Tr. at 27-29.

Similarly, the court finds that the ALJ properly evaluated the opinion of Dr. Smith. The ALJ gave "some weight to the opinion of" Dr. Smith, explaining that although he "has a treating relationship with" Plaintiff, "his many 'moderate to marked' limitations are not fully supported by treatment notes."[20] The court concludes that the ALJ applied the correct legal standard in evaluating Dr. Smith's opinion. *See Simmons*, 635 F. App'x at 515 ("The ALJ also properly relied on the fact that [treating physician's] impairment ratings on the forms were far more extreme than his own treatment notes would suggest.")

For the foregoing reasons, the court rejects Plaintiff's argument that the ALJ erred in weighing the treating source opinions.

### b. *Other Medical Source Opinions*

Plaintiff also argues that the ALJ improperly weighed the opinions of Plaintiff's treating therapist, Dennis Scott, LCSW ("Mr. Scott") and the non-examining state agency psychologists.

The ALJ is required to "evaluate every medical opinion" "regardless of the source." 20 C.F.R. § 404.1527(c). In weighing nonexamining source opinions, the ALJ must "apply the rules in paragraphs (a) through (d) of this section." 20 C.F.R. § 404.1527(e). These rules include factors such as the examining relationship and the treatment relationship between the source and the claimant; the supportability of the opinion, including "the degree to which [the source] provide[s] supporting explanations for their opinions[;]" consistency with the record as a whole; the area of medical specialization of the source; and, other factors such as the source's understanding of the agency's disability programs and evidentiary requirements, and familiarity

---

[20] Tr. at 30.

with the record. *See* 20 C.F.R. § 404.1527(c)(1)–(5). "[B]ecause nonexamining sources have no examining or treating relationship with [the claimant], the weight . . . give[n] [to] their opinions will depend on the degree to which they provide supporting explanations for their opinions." *Id.* § 404.1527(c)(3). The ALJ "must explain in the decision the weight given to the opinions of a . . . psychological consultant." *Id.* § 404.1527(e)(2)(ii).

As a licensed clinical social worker, Mr. Scott is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1512, 404.1527(a)(2). Nevertheless, the same factors can be applied to opinion evidence from a source that is not an acceptable medical source, including opinions from social workers. *See* SSR 06-03p (clarifying that "the factors in 20 C.F.R. 404.1527(d) . . . can be applied to opinion evidence from 'other sources'" which include licensed clinical social workers).

Plaintiff argues that the ALJ erred in giving "significant weight" to Mr. Scott's report, because "the ALJ failed to acknowledge that Mr. Scott is not an 'acceptable medical source'" and "such opinions are . . . generally given less weight than opinions of an acceptable medical source."[21] However, the ALJ did note that Mr. Scott "is not an acceptable medical source under the Regulations," and accurately stated that "his report must be considered per [SSR] 06-03p."[22] Moreover, pursuant to SSR 06-03p, "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,'

---

[21] Docket no. 26 at 25.

[22] Tr. at 30.

including the medical opinion of a treating source." SSR 06-03p. Here, the ALJ explained that he gave significant weight to Mr. Scott's opinion because he "has a treating relationship with the claimant, and his statements are generally consistent with treatment notes and the overall evidence in the record."[23] Accordingly, the court finds that the ALJ applied the factors for weighing opinion evidence to evaluate Mr. Scott's opinion, and did not err in giving more weight to his opinion than to the opinions of treating sources.

As for the non-examining state agency psychologists, the ALJ gave their opinions only partial weight, explaining that "these consultants did not have a treating relationship with the claimant . . . [n]or did they have the opportunity to review the complete medical evidence, personally observe the claimant's presentation at an administrative hearing, or listen to her testimony."[24] Therefore, the ALJ stated that he "has not relied heavily on their opinions."[25] However, the ALJ also noted that "these consultants are specialists in their respective fields and are familiar with the definitions and used by the agency."[26] Therefore, the court concludes that the ALJ applied the required factors, and sufficiently explained his reasons for giving partial weight to the nonexamining sources' opinions.[27]

---

[23] *Id.*

[24] Tr. at 29-30.

[25] Tr. at 30.

[26] *Id.*

[27] The Plaintiff also asserts that the weight given to the nonexamining psychologists was in error because they did not review the entire record. *See* docket no. 26 at 26. Plaintiff argues that for this reason, these opinions "should not have been given great weight by the ALJ, much less the greatest weight." *Id.* However, the ALJ gave only partial weight to their opinions, not the greatest weight. Therefore, the court concludes that this argument has no merit.

## II. ALJ's Evaluation of Plaintiff's Credibility

The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause [Plaintiff's] alleged symptoms[.]"[28] However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of the[] [alleged] symptoms are not entirely credible."[29] Plaintiff asserts that the ALJ's credibility determination is not supported by substantial evidence, arguing that "there are extensive clinical and objective medical findings that support a finding that [Plaintiff] has disabling physical and mental conditions."[30]

> When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

SSR 96-7p. "[A]n ALJ's credibility determination must be 'closely and affirmatively linked' to substantial record evidence." *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) (quoting *Hardman v. Barnhart,* 362 F.3d 676, 678–79 (10th Cir. 2004)). Here, the ALJ's decision

---

[28] Tr. at 27.

[29] *Id.*

[30] Docket no. 26 at 28.

11

provides a thorough, nearly two-page discussion of the medical evidence, affirmatively and clearly linking his credibility determination to substantial evidence in the record.[31] This discussion of the medical evidence addresses each of Plaintiff's impairments, the medical evidence related to it, and how that medical evidence does not support Plaintiff's statements concerning her symptoms.[32] Accordingly, the court finds that the ALJ's credibility determination is supported by substantial evidence in the record, and will not reweigh the evidence or substitute its judgment for that of the ALJ. *See Madrid*, 447 F.3d at 790.

### III. New Evidence Submitted to the Appeals Council

Finally, Plaintiff argues that the Appeals Council failed to properly consider new evidence consisting of an October 2015 Office of Personnel Management ("OPM") determination that Plaintiff was disabled for her position as a group secretary due to degenerative disc disease.[33] The Appeals Council stated that it "considered the additional evidence" and found that it "does not provide a basis for changing the [ALJ's] decision."[34] Plaintiff argues that the Appeals Council erred by providing "no further explanation . . . for the *pro forma* denial."[35] Plaintiff is incorrect. The Tenth Circuit has held that "the Appeals council is required only to 'consider' new evidence – and a conclusory statement that is has done so is sufficient." *Vallejo v. Berryhill*, 849 F.3d 951, 955 (10th Cir. 2017) (citing *Martinez v. Barnhart*, 444 F.3d 1201, 1207

---

[31] *See* Tr. at 27-29.

[32] *See id.*

[33] *See* Tr. at 274.

[34] Tr. at 2.

[35] Docket no. 31.

(10th Cir. 2006)). Therefore, the court finds that the Appeals Council's statement regarding the additional evidence was sufficient under the applicable standard and does not warrant reversal.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that the ALJ's decision is supported by the substantial evidence and is free of legal errors. Accordingly, **IT IS HEREBY RECOMMENDED** that the Commissioner's decision in this case be **AFFIRMED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of August, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge